# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv275

| | |
|---|---|
| RICHARD WATSON; and NANCY WATSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| Vs. | ) ORDER |
| FLEETWOOD MOTOR HOMES OF INDIANA, INC.; | ) ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the court on the defendant's Motion *in Limine* seeking to exclude Gary Kilpatrick, P.E., from being offered as an expert in this matter and from testifying. As a matter of federal law, plaintiffs' motion is premature in that it seeks a pretrial determination that an expert witness is not qualified to testify. Under well settled federal law, <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and <u>Kuhmo Tire Co. V. Carmichael</u>, 119 S.Ct. 1167 (1999), it is left to the sound discretion of the trial judge to determine whether or not a tendered expert should be allowed to testify after the trial court conducts its own inquiry of the witness.

> Whether to allow expert testimony and whether a potential witness possesses sufficient education and training to render an expert opinion are questions committed to the discretion of the trial judge, and our review determines only whether this discretion has been abused.

<u>Sparks v. Gilley Trucking Co., Inc.</u>, 992 F.2d 50, 53 (4th Cir. 1993).

Consideration of the qualifications of an expert at trial is also efficient. An

-1-

attorney's designation of a person under Rule 26 as an expert is no guarantee that such person will be called by the party at trial. Further, if a judge undertakes to determine the expertise of a witness well in advance of trial there is no guarantee that such judge will also be the trial judge.

If federal courts were to engage in the pretrial qualification of experts it would be a huge inefficiency, resulting in mini trials. At any given time, there are hundreds of cases pending in the Asheville/Bryson City divisions, and it would be impossible to provide the parties with the relief they seek without congesting the trial docket. Indeed, this action - - like 90 percent of all civil actions filed - - may not even make it to trial as indicated by the motion filed seven days before the instant motion was filed. The proper method for challenging an expert under <u>Daubert</u> is to file a Motion *In Limine* in close temporal proximity to the Final Pretrial Conference. Having considered the motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion *in Limine* (#38) is **DENIED** without prejudice as to reasserting such motion at or around the time of the Final Pretrial Conference.

```
                                        Signed: May 22, 2007
```

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge