IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv275

| | |
|---|---|
| RICHARD WATSON; and NANCY WATSON, <br><br> Plaintiffs, <br><br> Vs. <br> FLEETWOOD MOTOR HOMES OF INDIANA, INC.; <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> MEMORANDUM OF DECISION AND ORDER |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(C), and on the defendant's Motion for Summary Judgment (#41), defendant's Brief in Support (#42), plaintiffs' Brief in Opposition (#47), and a facsimile letter from counsel for defendant (#47) indicating in accordance with Local Civil Rule 7.1(B) that no reply would be filed. Defendant has moved for summary judgment on each of plaintiffs' claims.

### FINDINGS AND CONCLUSIONS

**I.     Summary Judgment Standard**

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial.  Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical

> doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a defendants' Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible

evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

**II.     Discussion**

   **A.     Factual Setting**

This action involves a dispute between the buyer and seller of goods, to wit, a 2005 Fleetwood "Discovery" recreational vehicle. Plaintiffs contend that despite some 16 attempts by defendant's agent, Tom Johnson Camping Center Inc., to fix the vehicle within a year of purchase, the vehicle remains defective with the main concern being water leaks, engine failures, and battery failures. Defendant contends that plaintiffs failed to provide them with adequate notice of such problems prior to initiating this action. Plaintiff assert the following causes of action: (1) violation of the *Magnuson-Moss Warranty-Federal Trade Improvement Act* ("Magnuson-Moss"); (2) breach of warranties under the Uniform Commercial Code ("UCC"); and (3) violation of Unfair and Deceptive Trade Practices ACT ("UDTPA").

   **B.     Magnuson-Moss Claim**

Defendant argues that it is entitled to summary judgment on plaintiffs' Magnuson-Moss claim because plaintiff failed to allow repairs to be made pursuant to its express warranty. Under the act, the seller of goods must be given a "reasonable opportunity to cure" the "failure to comply" with a warranty before a cause of action with arise under the Act. 15 U.S.C. § 2310(e). Defendant argues that under the Act

that it must have been given at least two opportunities to cure the alleged defect, Temple v. Fleetwood Enterprises, Inc., 133 Fed. Appx. 254, 268 (6th Cir. 2005), which this court believes to be a reasonable interpretation of the Act.

In response to such argument, plaintiffs have documented that they took the vehicle to Tom Johnson Camping Center Inc. 11 times within the first year of ownership for routine maintenance as well as warranty work, and the evidentiary material submitted indicates to this court that defendant, by and through its agent Tom Johnson Camping Center Inc., was afforded at least two opportunities to fix areas of material concern. Specifically, plaintiff have provided the court with copies of work orders numbered 83206, 82497, 809, 50, 80952, 78223, 78224, 77427, 77217, 67914, and 68438, all of which concern the areas of material concern.

Clearly, plaintiff have produced evidence which well surpasses the threshold of two opportunities to cure substantial defects with the vehicle. Finding that a genuine issue of material fact remains as to whether defendant has failed to cure defects after a reasonable opportunity to cure, the court will deny this motion.

**C.     UCC Claim**

**1.     Notice**

Defendant contends that this claim is not viable inasmuch as plaintiffs failed to provide defendant with notice of the alleged defects prior to filing this action. Defendant's argument fails to take into account that its own warranty expressly advised plaintiffs to report defects to the selling dealer:

> If a problem occurs which the owner believes is covered by this warranty, the owner shall contact the selling dealer, or Fleetwood Owner Relations,

giving sufficient information to resolve the matter. The owner shall deliver the motor home to the dealer of a Fleetwood Service Center location for warranty service.

Plaintiff's Exhibit B, Docket Entry 47-3, at 2. The warranty goes to provide than when a warranty issue is not resolved by the dealer, "the owner should contact Fleetwood Owner Relations...." Id. Some two months before filing this action, then counsel for plaintiffs, Mr. Bardes, sent a letter addressed to "Fleetwood Enterprises, Inc., Customer Service Center," advising defendant of the vehicle's "primary defects" and threatening legal action. Plaintiffs' Exhibit E. It appearing that a genuine issue of fact exists as to whether defendant had notice of plaintiffs' claims, summary judgment will be denied.

## 2. Disclaimer of Implied Warranties

Defendant next contends that it is entitled to summary judgment to the extent plaintiffs' UCC claim involves implied warranties inasmuch as defendant's express warranty excluded all implied warranties. Such argument is not consistent with the Magnuson-Moss Act, which was

> enacted by Congress to protect consumers from misuse by merchants of express warranties, requires that, where express warranties are given, merchants may not disclaim implied warranties.

Hahn v. Jennings, 2004 WL 2008474, *6 (Ohio App. 10 Dist. 2004). Further, the court cannot read the language of the warranty to provide defendant with a basis for such an argument. Specifically, the express warranty provides, as follows:

> THE IMPLIED WARRANTIES ARE LIMITED IN DURATION TO THE EXPRESS TERMS OF THIS 1/3 YEAR WARRANTY.

Plaintiffs' Exhibit B, Docket Entry 47-3, at 3. Plain reading of the such language

could reasonably lead one to believe that the implied warranties were not excluded, but were merely "limited in duration" to the time provided by the express warranty. Finding no basis for defendant's motion, the Motion for Summary Judgment will be denied.

### D. UDTPA Claim

A state-law claim for Unfair and Deceptive Trade Practices is governed by Chapter 75-1.1(a) of the North Carolina General Statutes, which provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." Id. When such provision was enacted into law in 1969, it contained the following statement of purpose:

> The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business and between persons engaged in business and the consuming public within this State to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State.

N.C. Gen. Stat. 75-1.1(b). *See also* Edmisten v. Penney Co., 292 N.C. 311 (1977) In response to a decision of the North Carolina Supreme Court in Edmisten, Section 75-1.1(b) was amended in 1977 to read "[f]or the purposes of this section "commerce" includes all business activities, however denominated . . . ." Id.

The UDTPA is, without doubt, a scheme regulating conduct between buyers and sellers and between businesses. *See* Roberson v. Dale, 464 F.Supp. 680 (M.D.N.C. 1979). *See also* Liggett Group, Inc. v. Sunas, 113 N.C. App. 19, 31 (1993); Buie v. Daniel Int'l, 56 N.C. App. 445, 448, *cert. denied*, 305 N.C. 759 (1982). To state a cause of action under the UDTPA, plaintiffs must allege the

following:

>    (1)    conduct constituting an "unfair or deceptive act or practice;"

>    (2)    conduct "in or affecting commerce," and

>    (3)    that such conduct proximately caused actual injury to plaintiff.

Food Lion, Inc. v. Capital Cities/ABC Inc., 951 F. Supp. 1224, 1230 (M.D.N.C. 1996).

While plaintiffs may well have alleged a violation of the UDTPA, their argument as to the proof of such a claim indicates a misunderstanding of the scope of the Act. Plaintiffs argue that

> Here, Plaintiffs purchased a vehicle that was represented to be "covered by one of the most comprehensive warranty programs in the RV industry." See "Plaintiffs' Exhibit B." Plaintiffs', however, due to numerous ineffective repair attempts on the vehicle, have come to realize that the above statements were a misrepresentation, that the misrepresentation affects commerce, and that the misrepresentation has caused them injury. Plaintiffs', therefore, have a valid claim under the North Carolina Unfair and Deceptive Trade Practices Act.

Plaintiffs' Response, Docket Entry 47, at 7. Plaintiffs' Exhibit B is the manufacturer warranty and while plaintiffs attempt to cast the representations contained in such warranty as a misrepresentation of the goods sold, it appears that the alleged misrepresentations made in the warranty were not as to the quality of the goods, but as to the quality of the warranty. Reading such allegations in a light most favorable to plaintiffs, it appears to this court that plaintiffs are arguing that defendant breached the warranty. It is well settled in North Carolina that a UDTPA claim cannot be founded on an alleged breach of contract, unless the claimant can

> allege substantial aggravating circumstances attending the breach of

contract to support a claim of unfair or deceptive trade practices in North Carolina. Such substantial aggravating circumstances include an intentional misrepresentation made for the purpose of deceiving another and which has the natural tendency to injure another....

DirecTV, Inc. v. Amerilink Corp., 2004 WL 1618572, *7 (M.D.N.C.2004)(citations and corresponding quotation marks omitted). Statements that defendant's warranty is "one of the best in the business" and the like is, at worst, "puffing" that is not the type of "substantial aggravating factor" as to turn a simple consumer dispute - - as this case surely is - - into an action that calls for imposition of punitive damages. In the context of proving misrepresentation in an action for fraud, the North Carolina Business Court has held, as follows:

> To satisfy the false representation element, a certain level of specificity is required. North Carolina courts uniformly require that the representation be "definite and specific". Harding v. Southern Loan & Ins. Co., 218 N.C. 129, 10 S.E.2d 599, 601 (1940). *See also* Horack v. Southern Real Estate Co., 150 N.C.App. 305, 313, 563 S.E.2d 47, 53 (2002). Requiring this heightened level of specificity allows courts to distinguish "mere puffing, guesses, or assertions of opinions from representations of material facts." Rowan County Bd. of Educ., 332 N.C. at 17, 418 S.E.2d at 659.

Maurer v. SlickEdit, Inc., 26 NCBC 1, 2006 WL 269954, *10 (N.C.Super. 2006).[1]

In addition, while this is not a lemon-law action under Chapter 20-351 of the North Carolina General Statutes, it is reasonable to assume that major automobile makers claim they have "one of the best warranties in this business" - - however, such a statement could not be read to support a UDTPA claim each time a consumer brought a lemon-law claim under North Carolina law. Further, under North Carolina's

---

[1] Due to the limits of ECF, a copy of such unpublished opinion is placed in the electronic record through reference to the Westlaw citation.

-8-

"economic loss rule" the purchaser of a defective product is prohibited from using tort law to recover purely economic losses. Moore v. Coachmen Indus., Inc., 129 N.C.App. 389, 401-02, 499 S.E.2d 772, 780 (1998); Coker v. DaimlerChrysler Corp., No. 01CVS1264, 2004 WL 32676, at *3 (N.C.Super. Jan. 5, 2004)(unpublished opinion), aff'd, --- N.C.App. ----, 617 S.E.2d 306 (2005).[2]

The court will, therefore, grant defendant's Motion for Summary Judgment ass to plaintiffs' UDTPA claim.

### E. Causation and Damages

Defendant has also moved for summary judgment on causation and damages arguing that plaintiff's expert, Gary Kilpatrick, P.E., arguing that any opinion he may offer as to causation or damages should be excluded because he lacks experience in diagnosis and repair of recreational vehicle and that he has no scientific or other acceptable basis on which to base his opinions as to damages. While this may well be so, and an expert's affidavit supporting or opposing a motion for summary judgment must set forth "such facts as would be admissible in evidence," Fed.R.Civ.P. 56(E), defendant in moving for summary judgment has failed to argue how the alleged inadmissibility of Mr. Kilpatrick's opinions entitles defendant to summary judgment on any of the *claims* asserted by plaintiffs.

While plaintiffs cannot argue a "lost resale value" without first showing that the vehicle suffers from a manufacturer's defect, Carlson v. General Motors Corp., 883

---

[2] Due to the limits of ECF, a copy of such unpublished opinion is placed in the electronic record through reference to the Westlaw citation.

F.2d 287, 298 (4th Cir. 1989), and even if it is determined at trial that Mr. Kilpatrick's opinions should be excluded, plaintiffs' own testimony - - that the vehicle was under warranty, but continues to leak, will not reliably start after reasonable attempts at repair failed and which has a generator which will not properly operate - - may well be sufficient to satisfy all the elements of either a Magnuson-Moss or UCC warranty claim. The essential elements of a Magnuson-Moss claim are that: (1) plaintiffs' vehicle has a defect in parts or workmanship; (2) the warrantor was not able to remedy the defect in a reasonable amount of time; and (3) plaintiffs suffered economic harm as a result. Evans v. General Motors Corp., 459 F.Supp.2d 407, 413 (D.Md. 2006). Further, it is certainly within accepted practice for plaintiffs to testify as to what damages they have sustained in owning a six-figure vehicle that is allegedly not water tight, cannot be relied upon to start and which has a generator which will not properly operate.

> Concerning plaintiff's competency to testify to his opinion as to the value of the vehicle at the time of acceptance, the general rule is that a non-expert witness who has knowledge of value gained from experience, information, and observation may give his opinion of the value of personal property. 1 Stansbury's North Carolina Evidence s 128 (Brandis Rev. 1973).

Williams v. Hyatt Chrysler-Plymouth, Inc., 48 N.C.App. 308, 317 (1980).

As stated in an earlier Order denying defendant's motion in limine, at this point it is still premature to determine whether Mr. Kilpatrick's opinion will be admissible under Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kuhmo Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999). While plaintiffs have tendered Mr. Kilpatrick's opinion in response to the Motion for Summary Judgment, the court has

had no occasion to reference such opinion in dealing with defendant's substantive arguments for summary judgment. Even if the court were to fully exclude Mr. Kilpatrick's opinions at this point, it appears that plaintiffs' two remaining claims would be for trial.

If plaintiff intends to offer the testimony and opinions of Mr. Kilpatrick at trial, the court reserves the right to conduct a *Daubert* hearing at the appropriate time. It will be plaintiffs' burden to not only show that Mr. Kilpatrick has training and experience in assessing the value of vehicles and assessing possible impairment to the use or safety of a vehicle, but that he has a discernable methodology for accomplishing such discrete tasks. From the excerpts provided to this court in support of the motion for summary judgment, the court simply cannot say whether Mr. Kilpatrick is qualified to testify as an expert in this matter. See Pipal v. Monaco Coach Corp., 374 F.Supp.2d 653 (N.D.Ind. 2005).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#41) is **GRANTED** as to plaintiffs' UDTPA claim, and is **DENIED** as to all other claims asserted in the Complaint.

Signed: July 23, 2007

Dennis L. Howell
United States Magistrate Judge